Filed 6/6/25  P. v. Logan CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Lassen)

----

| | |
|---|---|
| THE PEOPLE, | C102291 |
| Plaintiff and Respondent, | (Super. Ct. No. 24CR0090623) |
| v. | |
| MICHAEL BRADLEY LOGAN, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Michael Bradley Logan has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

1

BACKGROUND

The information charged defendant with two felony counts of inflicting corporal injury resulting in a traumatic condition upon someone with whom defendant had a dating relationship. (Pen. Code, § 273.5, subd. (a).)[1] The information also charged defendant with two misdemeanor counts of violating a criminal protective order. (§ 273.6, subd. (a).) The information further alleged defendant committed the offenses while released on bail and that he had several prior felony convictions. (§§ 12022.1, 1203, subd. (e)(4).)

In a midnight telephone call, defendant pleaded with the victim to let him come over and then told the victim he was on his way. When he arrived, an argument ensued. Defendant choked the victim, ripped off her necklace, and took her earrings and glasses. He then left in his car and was later arrested.

Defendant agreed to plead guilty to one count of infliction of corporal injury on someone with whom he had a dating relationship and one count of violating a protective order in exchange for a stipulated upper term of four years in prison with the execution of that sentence suspended based on his completion of four years of probation. The terms of probation would require him to have no contact with the victim.

Defendant entered the plea as agreed. Pending sentencing, the trial court ordered defendant released from custody pursuant to a *Cruz*[2] waiver conditioned, in part, on defendant complying with the order requiring no contact with the victim.

Eleven days after he was released, defendant returned to court because he allegedly violated the no-contact order by dragging the victim up steps after striking her in the back of the head. The trial court revoked defendant's release on his own

---

[1]     Undesignated statutory references are to the Penal Code.

[2]     *People v. Cruz* (1988) 44 Cal.3d 1247.

recognizance.  Defendant later admitted he violated the *Cruz* waiver by contacting the victim in violation of the protective order.

The trial court sentenced defendant to the stipulated upper term of four years in prison for the corporal injury conviction and a concurrent sentence of six months in county jail for violating the protective order.  The trial court found defendant had 297 days of custody credit and imposed a $300 restitution fine (§ 1202.4), an equal parole revocation fine (§ 1202.45), an $80 court operations assessment fee (§ 1465.8), and a $60 conviction assessment (Gov. Code, § 70373).

Defendant filed a timely notice of appeal and did not request a certificate of probable cause.

### DISCUSSION

Appointed counsel filed an opening brief that sets forth the facts and procedural history of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende*, *supra*, 25 Cal.3d 436.)  Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed.  We have not received any communication from defendant.

Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable errors that are favorable to defendant and affirm the judgment.

3

DISPOSITION

The judgment is affirmed.

/s/
WISEMAN, J.*

We concur:

/s/
BOULWARE EURIE, Acting P. J.

/s/
FEINBERG, J.

---

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4